IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEMETRIC PEARSON,           :
    Plaintiff                 :
                             :
        v.                 :     Civil Action No. RDB-03-2702
                             :
CPL. WHYTE, et al,         :
    Defendants            :
                          ******

## <u>MEMORANDUM OPINION</u>

On September 15, 2003,  Plaintiff filed this civil rights action pursuant to 42  U.S.C.  §1983

seeking compensatory damages.  Paper No. 1.  Due to the large number of cases filed by Plaintiff,

the case was placed on inactive/unassigned status on October 1, 2003.  Paper No. 3.  The case was

reactivated and assigned to the undersigned on September 12, 2006. Paper No. 12  Counsel for

Defendant Warden James Peguese had filed a Motion to Dismiss. Paper No.  17.   Plaintiff has not

filed a response.[1] No hearing is needed to resolve the issues raised in the Complaint.  *See* Local Rule

105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion is GRANTED.

## I. BACKGROUND

While incarcerated at the Jessup Correctional Institution (JCI) Plaintiff received a Notice of

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on December 13, 2006,  Plaintiff was notified that Defendant Peguese filed a dispositive motion, the granting of which could result in the dismissal of his action.  Paper No. 18. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court.  (*Id.*).

Plaintiff's Complaint against Defendant Whyte shall be dismissed without prejudice. In compliance with this Court's Order, the Office of the Attorney General was directed to provide the last known address for Defendant Whyte under seal. Paper No. 12. On November 21, 2006, this Court issued an Order directing the Clerk to issue summons and effect service on Defendant Whyte.  Paper No. 15.  The summons was issued and subsequently returned unexecuted with a notation that the address was insufficient. Paper No. 19.   Plaintiff was advised to inform this Court of his intention regarding service of process on this Defendant by December 28, 2006, or risk dismissal of his Complaint pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a (D. Md. 2004).   Upon review of the Court file it is readily apparent that Plaintiff has failed to provide the necessary information to this Court within the required time period.

Infraction written against him by Officer Whyte.  Plaintiff claims that the his due process rights were violated as a result of false statements contained in the notice of infraction and that the subsequently held disciplinary hearing, wherein he was convicted of the offense, also violated his due process rights.  Plaintiff's complaint contains no specific allegation against Warden James Peguese, rather he is named only in the caption of the law suit.  Paper No. 1.

## II. STANDARD OF REVIEW

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.  ANALYSIS

Plaintiff has alleged no personal involvement by Warden Peguese and makes no specific reference to the Warden in his Complaint other than simply naming him as a defendant in the caption of the Complaint.  "[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ*., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999)(quoting *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y.

1981).  Affording the Complaint a generous construction, it would appear that Plaintiff is attempting

to hold the Warden liable as a supervisor.  It is well established, however, that the doctrine of

*respondeat superior* does not apply to actions under 42 U.S.C. §1983.  *See Monell v. New York*

*Dept. of Social Services,* 436 U. S. 658, 691 (1978).

      In order for supervisory liability to exist in a §1983 action it must be established:

> (1) that the supervisor had actual or constructive knowledge that his
> subordinate was engaged in conduct that posed a pervasive and
> unreasonable risk of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so
> inadequate as to show deliberate indifference to or tacit authorization
> of the alleged offensive practices; and (3) that there was an
> affirmative causal link between the supervisor's inaction and the
> particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th

Cir. 1984).  Plaintiff has not pointed to any specific action or inaction on the part of Defendant

Peguese that in any way contributed to his injuries.  There is simply no basis for liability on the part

of this Defendant.

## IV. CONCLUSION

      For the foregoing reasons, a separate Order will be entered granting Defendant Peguese's

dispositive Motion and dismissing Plaintiff's Complaint against Defendant Whyte without prejudice

for failure to effect service.

January 3, 2007               /s/
    Date                         RICHARD D. BENNETT
                            UNITED STATES DISTRICT JUDGE